UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CARMEN SEGARRA,                              :

                                Plaintiff,   :

            -v-                              :

FEDERAL RESERVE BANK OF NEW                  :
YORK, MICHAEL SILVA, MICHAEL KOH,            :
JOHNATHON KIM,                               :

                                             :

                                Defendants.  :

                                             :
------------------------------------------------------------X

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/11/13
```

No. 13 Civ. 7173 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

The Court is in receipt of a letter dated October 10, 2013, from Defendant Federal

Reserve Bank of New York seeking an order removing the complaint in this case from the

Court's public docket.  It is hereby:

ORDERED that a telephone conference is scheduled for 12:30 p.m. today, October 11,

2013, to discuss Defendant's request.  The parties shall jointly call Courtroom Deputy Allison

Cavale at (212) 805-0162.  The complaint will not be available on ECF until the conclusion of

that conference.

SO ORDERED.

Dated:        October 11, 2013
              New York, New York

                                             Ronnie Abrams
                                             United States District Judge

# FEDERAL RESERVE BANK *of* NEW YORK

33 LIBERTY STREET, NEW YORK, NY 10045-0001

**DAVID L. GROSS**
COUNSEL AND VICE PRESIDENT

October 10, 2013

**VIA ELECTRONIC MAIL (Abrams_NYSDChambers@nysd.uscourts.gov)**

Hon. Ronnie Abrams, U.S.D.J.
United States District Court
   for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2203
New York, NY 10007

**Re:    Carmen Segarra v. Federal Reserve Bank of New York**
        **Civil Action No.: 13-CV-7173**

Dear Judge Abrams:

I represent Defendant Federal Reserve Bank of New York (the "New York Fed") in the above-referenced matter, and respectfully submit this application for an expedited protective order under Rule 26(c) of the Federal Rules of Civil Procedure. Earlier today, plaintiff filed a Complaint in the above-referenced matter, which contains Confidential Supervisory Information ("CSI") that is protected from public disclosure by federal law. See 12 C.F.R. Part 261. The New York Fed seeks (1) an order removing the Complaint from the Court's public, electronic docket pending further proceedings to determine the extent of redactions or sealing required; and (2) a hearing at the Court's earliest convenience to discuss the nature of the CSI included in the Complaint.

By way of background, Plaintiff Carmen Segarra was an employee of the New York Fed from October 2011 until May 2012, when she was terminated for cause. Ms. Segarra has brought a lawsuit against the New York Fed alleging unlawful termination and seeking reinstatement and damages. At various paragraphs in her Complaint, Plaintiff has summarized the work she conducted as part of the New York Fed's supervision of financial institutions. For example, meetings with a supervised financial institution are pleaded at paragraphs 22 to 28, 75 to 76, and 79; deliberations within the New York Fed are pleaded at paragraphs 63 to 68; and discussions with a different banking regulator are pleaded at paragraph 77. Plaintiff also attached a number of exhibits that she obtained during her work at the New York Fed, including meeting notes, document requests, correspondence with a supervised financial institution, and examination summaries. Several of the attachments are stamped "Restricted FR" and "Confidential Supervisory Information."

FEDERAL RESERVE BANK *of* NEW YORK

Hon. Ronnie Abrams, U.S.D.J.
October 10, 2013
2

Plaintiff's allegations regarding the New York Fed's supervisory work and all of the attachments to her Complaint are CSI. Under federal law, CSI is confidential and privileged property of the Board of Governors of the Federal Reserve System (the "Board"), and its use is subject to authorization by the General Counsel of the Board. See 12 C.F.R. §§ 261.2(c)(1)(i) and (iii) (defining "[c]onfidential supervisory information" to include "any information derived from [or] related to" "reports of examination, inspection and visitation, confidential operating and condition reports" or "[a]ny documents prepared by, on behalf of, or for the use of . . . a Federal Reserve Bank"); 261.22(a) ("It is the Board's policy regarding confidential supervisory information that such information is confidential and privileged. Accordingly, the Board will not normally disclose this information to the public."); 261.22(e) ("All confidential supervisory information made available under this section shall remain the property of the Board. Any person in possession of such information shall not use or disclose such information for any purpose other than that authorized by the General Counsel of the Board without his or her prior written approval.") (emphasis added).

The New York Fed is not aware that Plaintiff has obtained, much less sought, permission from the Board's General Counsel to publish the CSI contained in her Complaint. (Nor did Plaintiff seek or obtain permission to possess any CSI after she was terminated in May 2012.) Plaintiff's counsel did not discuss the incorporation of CSI into the Complaint with any attorney from the New York Fed prior to filing. Indeed, the New York Fed only became aware of Plaintiff's unauthorized disclosure late this afternoon, when it was served with the Complaint and when various news outlets began reporting its contents. On behalf of the New York Fed, I called Plaintiff's counsel to seek her consent to remove the Complaint from the Court's docket pending further proceedings. As of the writing of this letter, I have not received a response.

Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In this instance, there is good cause for removing the Complaint from the Court's public docket pending a hearing: to prevent the unlawful public dissemination of CSI. The confidentiality of supervisory information is critical to free communication between the New York Fed and supervised financial institutions; the unauthorized disclosure of CSI harms the mandate of this institution to conduct examinations for the safety and soundness of the nation's financial system. Supervised financial institutions will be less inclined to share sensitive information if they cannot rely on the guarantee that the New York Fed will keep that information confidential. By contrast, the burden on Plaintiff for removing the Complaint from the public docket pending further proceedings is minimal. Plaintiff will have an opportunity to argue in favor of publication, which the Court can then decide to grant in whole or with appropriate redactions. But in the meantime, the harm to the New York Fed, the other banking

FEDERAL RESERVE BANK *of* NEW YORK

Hon. Ronnie Abrams, U.S.D.J.
October 10, 2013
3

regulator mentioned in the Complaint, and the supervised financial institution at issue will be great and cannot be undone.

Under all these circumstances, the New York Fed respectfully requests: (1) an order removing the Complaint from the Court's public, electronic docket pending further proceedings to determine the extent of redactions or sealing required; and (2) a hearing at the Court's earliest convenience to discuss the nature of the CSI included in the Complaint.

Thank you for your consideration.

Respectfully submitted,

David Gross
Counsel and Vice President

cc:    Linda J. Stengle, Esq., Counsel for Plaintiff (via e-mail to linda@lindastengle.com)
       Thomas C. Baxter, Jr., Esq., General Counsel, Federal Reserve Bank of New York
       Thomas M. Noone, Esq., Attorney, Federal Reserve Bank of New York