# STENGLE LAW

• Strong advocates for the savvy whistleblower •

9 Lenswood Drive
Boyertown, PA 19512

**Main Office: 610-367-1604**
www.stenglelaw.com
linda@lindastengle.com

419 Lafayette Street,
Second Floor
New York, NY 10003

VIA ELECTRONIC MAIL (Abrams_NYSDChambers@nysd.uscourts.gov)

October 11, 2013

Hon. Ronnie Abrams, U.S.D.J.
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2203
New York, NY 1007

Re: Carmen Segarra v. Federal Reserve Bank of New York
    Civil Action No.: 13-CV-7173

Dear Judge Abrams,

    I represent Carmen Segarra in the above matter and respectfully object to the Federal Reserve Bank of New York's application for protective order under Rule 26(c) of the Federal Rules of Civil Procedure. We do not believe FRBNY has any need for a protective order, and we believe Ms. Segarra's complaint and the appendix of documents attached to the complaint should be available on the public document because in this situation, there is no good cause outweighing the public's interest in having the information available or the plaintiff's interest in a having a fair, open hearing on her complaint.

    The information Carmen Segarra includes in her complaint and attached are her personal notes and documents she used while she was employed by the Federal Reserve to examine Goldman Sachs. 12 USC 1831(j) grants her the right to file a complaint in a United States District Court for Defendants' retaliation against her protected conduct. 12 USC 1831(j) does not put any constraints on her ability to file; she does not have to seek permission of Federal Reserve Board of New York for the contents of her complaint, and in fact, such a requirement would defeat the purpose of 12 U.S.C. 1831(j). She carries the burden of proof for her complaint; she needs to be able to describe the protected conduct for which she was terminated.

    Any deliberative purpose FRBNY might have for protecting the documents Ms. Segarra filed has long since ended. As stated in the Complaint at issue, Ms. Segarra's employment was terminated in May 2012. Ms. Segarra was conducting an examination of Goldman Sachs's

conflict of interest policies in place on or before November 1, 2011. The policies and practices of Goldman Sachs' would have or should have been widely available to employees of Goldman Sachs; the specific transactions Ms. Segarra examined were the subject of numerous newspaper articles, and in one instance, a Delaware court case. There are no secrets here to be protected, and there is no deliberative process that requires these papers to be made secret.

It is nearly 18 months after Carmen Segarra's termination from the Federal Reserve and nearly two years after the November 1, 2011, cutoff date for Ms. Segarra's examination. Our understanding is FRBNY issued the results of the examination at issue to Goldman Sachs in late May 2012, shortly after it terminated Ms. Segarra. We can appreciate the defendants may be embarrassed by their conduct toward Ms. Segarra, but mere embarrassment does not entitle defendants the right to litigate this matter under protective order.

Ms. Segarra, through prior counsel, attempted to negotiate a resolution to her complaint on January 16, 2013. Her allegations were described in an eight page letter, sent to Thomas C. Baxter, Jr., General Counsel and Executive Vice President of the Legal Group for FRBNY. Defendants had no interest in resolving the matter. In the letter, counsel said he would wait until January 30, 2013, and if he heard nothing from FRBNY, he would advise his client to "commence an action in federal court." FRBNY expressed no interest in Ms. Segarra's complaint until it was filed.

Also, please note we do not agree that 12 C.F.R. §§ 261.2(c)(1)(i) and (iii) control private plaintiffs or their attorneys when seeking recourse for termination for protected conduct under 12 U.S.C. 1831(j). In fact, when one examines the consequences for violation of the cited statute, the consequences appear to be discretionary supervisory action, which of course, does not apply to former employees or their counsel.

The public, on the other hand, has an enormous interest in having this action heard on the public record. Since the financial crisis of 2008, the public has become increasingly interested in how the United States government polices the finance industry. FRBNY itself says it, in part, is responsible for protecting consumers. Ms. Segarra's claims are important and of interest to a great many people. Information about her lawsuit should be publically available.

In sum, we object to FRBNY's request for protective order and ask that the Complaint and Appendix be allowed to appear on the docket, like all other wrongful termination matters.

Sincerely,

Linda J. Stengle
Attorney for Carmen Segarra