**Linda J. Stengle, Esquire**
9 Lenswood Drive
Boyertown, PA  19512
610-367-1604
lstengle@aol.com
www.stenglelaw.com

VIA ELECTRONIC MAIL (Abrams_NYSDChambers@nysd.uscourts.gov)

October 11, 2013

Hon. Ronnie Abrams, U.S.D.J.
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2203
New York, NY  1007

Re:  *Carmen Segarra v. Federal Reserve Bank of New York, et al,*  Civil Action No.: 13-CV-7173

Dear Judge Abrams,

  As you know, I represent Carmen Segarra in the above matter and respectfully object to the Federal Reserve Bank of New York's application for protective order under Rule 26(c) of the Federal Rules of Civil Procedure.  I emailed a letter supporting Plaintiff's position to chambers earlier today, and I now supplement the contents of that earlier letter with this letter.

  The question before the Court is whether Defendants have cited any compelling reason to set aside the longstanding tradition of open trial and public access to public records.  We ask that you find they have not and that you **DENY** Defendants' request for protective order and allow the Segarra Complaint and Appendix to appear on the public docket.

  Plaintiff asserts FRBNY has no need for a protective order, and we believe Ms. Segarra's complaint and the appendix of documents attached to the complaint should be available on the public docket because in this situation, there is no good cause outweighing the public's interest in having the information available or the plaintiff's interest in a having a fair, open hearing on her complaint.

  The tradition of open trials and public access to court records is embedded in the common law, the statutory law, and the U.S. Constitution.  See <u>Nixon v. Warner Commons., Inc.</u>, 435 U.S. 589, 597 (1978); <u>Washington Legal Found. v. U.S. Sentencing Commn.</u>, 89 F.3d 897, 902 (D.C. Cir. 1996); <u>Willie Nelson Music Co. v. Commissioner</u>, 85 T.C. 914, 917(1985); <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 124-127 (2d. Cir. 2006).

  If Defendants want to show the First Amendment rights to public access to these documents needs to be set aside, Defendants must articulate specific reasons demonstrating the

seal is necessary to serve a compelling government interest and that the sealing order is narrowly tailored to serve that interest.

Defendants argue banks must made to "feel comfortable" in sharing information with the Federal Reserve. Plaintiff asserts this unsubstantiated and vague rationale is not compelling enough to set aside the interests in favor of allowing public access to the documents at issue, and, in any event, the proposed order is far too broad to serve any conceivable interest.

Under the common law's more relaxed standard, courts make sealing decisions by balancing the interests of the parties involved with those of the public and the press.

As noted by the Court, the strong presumption is in favor of public access. Here, in addition to the public's interests in allowing the complaint and attachments to be available on the public docket, Plaintiff opposes the seal request and believes her interests are best served through a public proceeding. Defendants do not question Carmen Segarra's right to proceed under 12 U.S.C. § 1831(j) and can cite nothing specific in her complaint or documents that is "sensitive." Carmen Segarra must be allowed to prove that she was engaging in protected conduct when Defendants terminated her.

An examination of the factors in this situation supports a finding to allow public access to the documents. The complaint and the appendix are already in the hands of the press; they involve conflict of interest policies and procedures that should have been broadly disseminated years ago; they reference transactions that have been the subject of news articles, and in one situation, a Delaware court case that resolved in December 2012. Ms. Segarra's assignment was to examine conflict of interest procedures in place on or before November 1, 2011. The information is at least 18 months old, and the examination itself was concerned with companywide conflicts of interest procedures that were two years old or more.

Defendants wish to bolster their claim by including Goldman Sachs in the discussion. Plaintiff opposes the request. The dispute is between the FRBNY and Ms. Segarra. There is no reason articulated that would compel the participation of Goldman Sachs. Goldman is not a "party in interest" for this matter. Plaintiff suggests Goldman can follow the Federal Rules of Civil Procedure and file a formal motion to intervene in the matter if Goldman feels intervention is necessary. Plaintiff reserves the right to argue against such intervention, if such a motion is made. Defendants should not be permitted to simply add parties to the dispute.

In sum, Defendants engaged in illegal conduct. They violated 12 U.S.C. § 1831. Carmen Segarra has an undisputed statutory right to make her complaint and to have the matter heard by the Court. Nothing in 12 U.S.C. § 1831 limits or restricts that explicit right. Plaintiff asks that the Court issue an order denying Defendants' Request to seal the Complaint and attachments.

    Sincerely,

    /s/

    Linda J. Stengle
    Attorney for Carmen Segarra