December 5, 2013

FILED ON ECF AND SENT VIA ELECTRONIC MAIL
(Abrams_NYSDChambers@nysd.uscourts.gov)

Hon. Ronnie Abrams, U.S.D.J.
United States District Court
    for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2203
New York, NY  10007

**Re:**    *Carmen Segarra v. Federal Reserve Bank of New York, Michael Silva, Michael Koh, and Johnathon Kim*, **Civil Action No: 13-CV-7173 (RA)**

Dear Judge Abrams:

Pursuant to your Order of October 17, 2013, the parties in the above-referenced matter jointly submit this letter and proposed Case Management Order (attached).  Responses to the Court's seven questions appear below beneath the corresponding questions, which are reprinted in italics for ease of reference.

1. *A brief description of the nature of the action and the principal defenses thereto;*

Plaintiff alleges Defendants retaliated against her for protected conduct by terminating her employment.

Defendants respond that Plaintiff has failed to state a claim against the Individual Defendants (Michael Silva, Michael Koh, and Johnathon Kim) or the Federal Reserve Bank of New York (the "New York Fed") under state or federal law.  Defendants also state that Plaintiff is not entitled to the relief sought (in particular, that she has forfeited her claim to reinstatement or front pay, and may not recover punitive damages), and that the termination of Plaintiff's at will employment was lawful.

2. *A brief explanation of why jurisdiction and venue lie in this Court.  If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  If any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees;*

Jurisdiction and venue lie within this court because the transactions and occurrences giving rise to the complaint happened within the geographical boundaries of the Southern District of New York.  This is a federal question because Plaintiff is seeking redress for alleged violations of 12 USC 1831j.

Defendant New York Fed is a corporation chartered under the laws of the United States

pursuant to the Federal Reserve Act of 1913, 12 U.S.C. §§ 221 *et seq.* It is a corporate instrumentality of the United States government, with its principal place of business at 33 Liberty Street in Manhattan.

3. *A brief description of all contemplated and/or outstanding motions;*

    Currently before the Court are:

    - Plaintiff's Motion to Strike references to alleged settlement figures contained within the last paragraph of page 3 of Defendants' letter to the Court dated October 11, 2013. This motion was made during the oral argument on October 15, 2013.

    - Defendants' Motion to Dismiss, which was filed on November 14, 2013.

    - Plaintiff filed an Amended Complaint on December 4, 2013.

    - Plaintiff filed an opposition to Defendants' November 14, 2013, Motion to Dismiss on the ground that it is moot.

    - Defendants plan to request an extension of time to allow them to file a Motion to Dismiss the Amended Complaint on January 3, 2014. Plaintiff consents to this extension of time.

    - Plaintiff will oppose the Motion to Dismiss the Amended Complaint.

    Plaintiff contemplates one or more Motions to Amend the Complaint. Plaintiff contemplates she may have cause to name Goldman Sachs as a party to the retaliation, but does not possess sufficient evidence to name Goldman Sachs as a Defendant at this time.

4. *A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations;*

    No discovery has taken place as of the date of this letter.

    Plaintiff states that she attempted to negotiate a settlement through prior counsel in January and February 2013. Plaintiff made a concrete offer to Defendant New York Fed to resolve the dispute without the assistance of the Court. Defendants declined the offer and did not make a counter offer. Plaintiff believes Defendants have no interest in resolving the dispute through settlement.

    Defendants' position is that the New York Fed believes that limited discovery of Plaintiff's earnings and efforts to find employment since May 2012 would be material to any meaningful settlement negotiations because Plaintiff's damages are limited to back pay less any income earned since her employment at the New York Fed was terminated.

5. *A brief description of prior settlement discussions (without disclosing the parties' offers*

> *or settlement positions) and the prospect of settlement;*

As stated above, Plaintiff notes that she made attempts to settle the dispute with Defendant New York Fed before filing this lawsuit. Defendant New York Fed declined with no counter offers. Plaintiff believes Defendants have no interest in settling the matter.

Defendants' position is that Plaintiff proposed settlement discussions in a January 16, 2013, letter to Thomas C. Baxter, Jr., the general counsel of the New York Fed. Attorneys from the New York Fed conferred with Plaintiff's former counsel several times in January and February 2013, but were unable to reach an agreement. In light of the magnitude of Plaintiff's demand during those conversations, the New York Fed believes that the chances for a successful settlement negotiation are slim.

6. *The estimated length of trial; and*

The parties believe that a trial would require no more than five days.

7. *Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.*

Plaintiff states that she possesses audio recordings of several meetings with defendants. Should a material question of fact arise with regard to statements made in relevant meetings, Plaintiff respectfully suggests the audio recordings may assist the Court in advancing the case to its ultimate resolution.

Defendants believe the following information may assist the Court in advancing the case to settlement or trial. Because Plaintiff has no right as a matter of law to reinstatement or front pay, *see McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 361-62 (1995), or to punitive damages, the amount at issue is fairly small. Plaintiff's annual salary was $150,000 and she initiated this lawsuit approximately 17 months after her employment was terminated, so the outside limit of her back pay is approximately $212,500 (equal to 17 months' salary at $12,500 per month). Assuming arguendo that Plaintiff could state a claim and prove her case, her potential damages of $212,500 would be further reduced by any amount of money she earned in the interim, less any amounts owed to the New York Fed as a result of counterclaims.

\* \* \*

In addition to the above, Defendants respectfully request that the Court hold the proposed Case Management Plan and Scheduling Order in abeyance until Defendants' Motion to Dismiss the Amended Complaint has been decided. Plaintiff opposes the request.

Respectfully submitted,

| | |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Linda J. Stengle, Esq | David Gross |
| Stengle Law | Counsel and Vice President |
| 9 Lenswood Drive | Federal Reserve Bank of New York |
| Boyertown, PA  19512 | 33 Liberty Street |
| 610-367-1604 | New York, NY 10045 |
| linda@lindastengle.com | Ph.: 212-720-2356 |
| *Attorney for Plaintiff Carmen Segarra* | Fax: 212-720-8709 |
| | david.gross@ny.frb.org |
| | *Attorney for Defendants Federal Reserve Bank of New York. Michael Silva, Michael Koh, and Johnathon Kim* |