# FEDERAL RESERVE BANK *of* NEW YORK

33 LIBERTY STREET, NEW YORK, NY 10045-0001

**DAVID L. GROSS**
COUNSEL AND VICE PRESIDENT

April 16, 2014

**FILED ON ECF**

Hon. Ronnie Abrams, U.S.D.J.
United States District Court
   for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2203
New York, NY 10007

Re: *Carmen Segarra v. Federal Reserve Bank of New York*, No. 13-CV-7173 (RA)

Dear Judge Abrams:

     On behalf of the Federal Reserve Bank of New York (the "New York Fed"), Michael Silva, Michael Koh, and Johnathon Kim (collectively, the "Defendants"), I write in response to three documents filed by Plaintiff within the last few days: (1) an April 11, 2014 letter responding to questions raised at oral argument on April 4, 2014; (2) an April 11, 2014 letter requesting additional disclosures by the Court; and (3) a motion for leave to file a Second Amended Complaint ("SAC"), which was submitted on Monday, April 14, 2014.

## Plaintiff's Supplemental Responses to Questions from Oral Argument

     As discussed at oral argument, Plaintiff has repeatedly alleged that she was fired for two reasons: (1) providing information that Goldman Sachs violated SR 08-08, and (2) refusing to change her examination findings about SR 08-08. (SAC ¶¶ 133, 151; AC ¶¶ 133, 151; Compl. ¶ 97.) To be clear, in both instances in which Plaintiff allegedly refused to change "her findings," those findings concerned violations of SR 08-08 by Goldman Sachs. (AC ¶¶ 61 (meeting minutes addressing SR 08-08) and 136 (report addressing SR 08-08).) Thus, according to her own pleadings, reports about violations of *other* authorities—including the approximately 40 authorities cited in paragraph 139 of the Amended Complaint—did not cause Plaintiff's termination and are therefore not relevant. (Mov. Br. 8 n.7.) Beyond that, violations allegedly committed by The Goldman Sachs Group, Inc. are not actionable because that entity is not a depository institution, as required by Section 1831j. (Mov. Br. 11; Reply Br. 7.)

## Request for Additional Disclosures

     The time has passed for a motion for recusal or a request for the Court's personal financial information—assuming, *arguendo*, that such a request would ever be permissible. During the April 3, 2014 teleconference, this Court disclosed, in an abundance of caution, *any*

Hon. Ronnie Abrams, U.S.D.J.<br>
April 16, 2014<br>
2

*possible* basis for *any possible* argument about the appearance of impropriety, much less an actual conflict of interest. The Court further advised that "if this is an issue, at all, for you, *this is your opportunity to raise it.*" (Transcript of April 3, 2014 Teleconference 3:15-16 (emphasis added).)[1] The Court also offered to postpone oral argument so the parties could consider a motion for recusal. (*Id.* at 2:16-19.) Nonetheless, Plaintiff's counsel *twice* stated that there would be no such motion:

> MS. STENGLE: We're not going to ask that you recuse yourself, Judge.
>
> . . .
>
> MS. STENGLE: Yeah we're not going—I can tell you that we're not going to ask you to recuse yourself.

(*Id.* at 2:22-23, 3:21-22.) Counsel for Defendants reached the same conclusion. (*Id.* at 2:24-25.) One week after oral argument, however, amid a flurry of attempts to restate answers to the Court's questions and replead the complaint, Plaintiff's request for additional disclosures raises concerns about the appearance of a different sort of impropriety: forum shopping. *Cf. In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case."). Under these circumstances, the Court should deny Plaintiff's request for additional disclosures and proceed with the case.

Motion for Leave to Replead

We respectfully oppose Plaintiff's motion for leave to replead for two reasons. *First*, the motion is untimely. We recall that at the December 12, 2013 status conference the Court offered Plaintiff an opportunity to make any additional amendments before Defendants filed another motion to dismiss, and warned that any subsequent motions to amend would likely be denied. There is, unfortunately, no transcript of that proceeding, but the Court's instruction makes sense. Plaintiff filed her Amended Complaint in lieu of opposing Defendants' motion to dismiss the original complaint. She therefore had every opportunity to review the arguments against her claims and adjust her pleadings accordingly.

*Second*, the proposed amendments would be futile. *See Krys v. Pigott*, __ F.3d __, No. 12-3575, 2014 U.S. App. LEXIS 6666, at *14 (2d Cir. Apr. 11, 2014) ("Leave to amend may properly be denied if the amendment would be futile, as when the proposed new pleading fails to state a claim on which relief can be granted."). The Second Amended Complaint would add sub-paragraph 150(a), which merely summarizes provisions cited elsewhere in the document. No other changes are proposed. This lone amendment, however, does not alter the essence of

---

[1] A copy of the April 3, 2014 transcript is attached for ease of reference.

FEDERAL RESERVE BANK *of* NEW YORK

Hon. Ronnie Abrams, U.S.D.J.
April 16, 2014
3

Plaintiff's Section 1831j claim—that she was fired because (1) she provided information about violations of SR 08-08 by Goldman Sachs, and (2) refused to change her written conclusions about those alleged violations. (SAC ¶¶ 133, 151.) Indeed, Plaintiff's counsel characterizes the amendment as "merely cosmetic." (April 11, 2014 Letter from Linda J. Stengle, Docket No. 41.) Because the proposed amendment would not remedy any of the underlying deficiencies identified in the Moving Brief, Plaintiff's motion should be denied and the Amended Complaint should be dismissed with prejudice.

Thank you for your consideration of these arguments.

Respectfully submitted,

*David Gross*

David Gross

cc:    Linda J. Stengle, Esq., Counsel for Plaintiff (via ECF and e-mail)

1

```
 1   e430segc                    Telephone Conference
 2   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 3   ------------------------------x
 4   SEGARRA,
 5                  Plaintiff,
 6              v.                           13CV7173
 7   THE FEDERAL RESERVE BANK OF
     NEW YORK, et al,
 8
                    Defendant.
 9
     ------------------------------x
10                                           New York, N.Y.
                                             April 3, 2014
11                                           5:30 p.m.
12   Before:
13                    HON. RONNIE ABRAMS,
14                                           District Judge
15                        APPEARANCES
16   LINDA STENGLE
         Attorney for Plaintiff
17
     DAVID GROSS, TOM NOONE
18       Attorneys for Defendant
19
20
21
22
23
24
25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
 1   (In chambers)
 2          THE COURT:  Thank you all for making yourself
 3   available on such short notice.
 4          I wanted to let you know I have a court reporter here
 5   and I just wanted to advise you of something.
 6          It has just come to my attention that my husband, who
 7   is a partner at the law firm of Davis Polk is presently
 8   representing Goldman Sachs on various I think small matters,
 9   but on matters in an advisory capacity.  I was not aware of
10   that until today, so I apologize for the late notice.
11          I wanted to let you know this.  And if either side --
12   I don't need to know who -- but has any desire to have me
13   recuse myself, I am happy to entertain that request.
14          Again, I don't need to know who is making the request,
15   but before the argument tomorrow, I wanted to let you know
16   that.  I'm perfectly willing to put off the argument for a few
17   days to give you the time to think about it.
18          Or, Miss Stengel, if you want to talk to your client
19   about it.  But I also didn't want to inconvenience you.  And so
20   as soon as I found this out, I tried to, you know, get you on
21   the phone to advise you of this.
22          MS. STENGLE:  We're not going to ask that you recuse
23   yourself, Judge.
24          MR. GROSS:  Judge, we also are not going to ask that
25   you recuse yourself.
```

```
 1            THE COURT:  Okay.  And so do you all want to go
 2   forward with the argument, or are you sure's you don't want any
 3   time to think about this.
 4            MS. STENGLE:  I'm fine with going forward tomorrow.
 5   The only thing I would ask is that there were two notices that
 6   you made to this, one today and the one about having worked
 7   with Tom Noone, if you could put them -- is the court reporter
 8   putting this --
 9            THE COURT:  The court reporter is putting this on the
10   record, so I have a court reporter here, so.
11            MS. STENGLE:  Okay, that's fine.
12            THE COURT:  I think the previous notice that I used to
13   work with Tom Noone when I was at the law firm of Davis Polk,
14   we didn't work together closely, but I know him from there.
15            Again, if this is an issue, at all, for you, this is
16   your opportunity to raise it.  And, again, if you need time to
17   think about it, I'm more than happy to put the argument off for
18   a few days, a week.  You can think about it.  I don't need to
19   know who made the request, I just need to know that someone
20   made it.  But I'm really just leaving that to you.
21            MS. STENGLE:  Yeah we're not going -- I can tell you
22   that we're not going to ask you to recuse yourself.
23            THE COURT:  Okay.  Okay, all right.
24            Well, then, I will see you all tomorrow afternoon at
25   4:00.
```

```
 1         All right, thank you very much.
 2         ALL COUNSEL:  Thank you, your Honor.
 3         THE COURT:  Bye.
 4         (Adjourned)
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```